# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0956 | **DATE** | August 15, 2012 |
| **CASE TITLE** | Johnnie Stallings (2012-0106225) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint. (Dkt. No. 5). The Clerk is instructed to file the complaint. The clerk shall issue a summons for service on defendant Warden Hardy and send the plaintiff a Magistrate Judge Consent Form, Amended Civil Rights Complaint Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Warden Hardy is a defendant solely so that plaintiff can identity the presently unknown medical staff.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Pro se plaintiff Johnnie Stallings has brought a civil rights suit pursuant to 42 U.S.C. § 1983. His original complaint was dismissed because it impermissibly contained unrelated claims against unrelated defendants. (Dkt. No. 4 at 1 (citing *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Plaintiff's proposed amended complaint (Dkt. No. 5), is before the Court for an initial review pursuant to 28 U.S.C. § 1915A.

   Plaintiff alleges that he was at Northern Reception and Classification Center (NRC) at the Stateville Correctional Center on December 12, 2011. He was previously scheduled to receive a necessary surgery at Cook County Hospital on that date. Plaintiff claims that he informed the NRC medical staff, but they refused to transfer him to hospital for the surgery. The failure to have the necessary surgery resulted in unnecessary pain. Plaintiff may proceed with a deliberate indifference claim regarding the alleged denial of the surgery by the NRC staff. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam).

   Plaintiff does not name the medical staff that was personally involved in denying him the surgery. He names Marcus Hardy, the Warden at Stateville, and states that he intends to perform discovery on Hardy to identify the medical staff. Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4.

   Plaintiff may proceed against Warden Hardy solely so that he may discovery the identity of the John Doe medical staff. Once an attorney has entered an appearance on his behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the Doe defendants and Warden Hardy

| STATEMENT |
|---|

will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming the identity of the John Doe defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue a summons for service on defendant Warden Hardy and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.